IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MUSTANIO VON SWANN

      Plaintiff,

vs.                                                                                                                                          No. CIV 00-1225 MV/WWD

FEDEX GROUND, F/K/A RPS, INC.

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Amend Pleadings, filed October 4, 2000 **[Doc. No. 9-1]**; Defendant's Amended Motion to Vacate or Modify Award, filed October 25, 2000 **[Doc. No. 11-1]**; and Plaintiff's Motion for Order to Confirm Arbitration Award, filed October 30, 2000 **[Doc. No. 15-1]**. The Court, having considered the motions, responses, replies, relevant law and otherwise being fully informed, finds that Defendant's Amended Motion to Vacate or Modify Award is not well taken and will be **denied**, and Plaintiff's Motion to Confirm Arbitration is well taken and will be **granted**; and Defendant's Motion to Amend Pleadings will be **denied as moot.**

### BACKGROUND

This action is a suit by Plaintiff Swann under the Federal Arbitration Act (FAA) to confirm an arbitration award. Mr. Swann received an award from arbitrator Robert Taichert against Defendant RPS in the amount of $153,726.65. Arbitrator Taichert found that RPS breached its contract with Mr. Swann when it terminated Mr. Swann's delivery agreement. RPS argues that

the arbitrator improperly awarded Mr. Swann damages for loss of future earnings that included a 20.8% projected increase. The accounts of the arbitration proceeding differ, because it was not recorded. RPS contends that during the arbitration proceedings, as Mr. Swann began to testify during direct examination that he based his calculation of damages upon projected annual increases in his yearly net earnings of 20.8%, RPS objected that the testimony was irrelevant and highly speculative. RPS contends that the arbitrator sustained the objection and, in doing so, granted their pre-trial motion to disallow evidence related to Mr. Swann's damage claim based on an assumed increase in annual net earnings. Because the arbitrator sustained the objection, RPS states that it did not cross-examine Mr. Swann as to the 20.8% increase nor did it introduce evidence to oppose the increase in annual net earnings at the hearing. The arbitrator ultimately found for Mr. Swann. In awarding damages, the arbitrator awarded the same amount that Mr. Swann claimed as damages. Because Mr. Swann's amount included the projected 20.8% increase in damages, RPS contends that the arbitrator allowed the increase, despite that the arbitrator sustained RPS' objection to testimony about the increase. Thus, RPS argues by sustaining its objection and awarding damages that included the projected increase, the arbitrator failed to provide it with a fundamentally fair hearing in which it had the opportunity to be fully heard and to present all relevant and material evidence regarding the calculation of Mr. Swann's damages.

      Mr. Swann's account of the proceedings differs. He disputes that the arbitrator granted a motion to limit damages as recounted by RPS. He notes that no affidavit even supports such an assertion, nor can RPS point to a written or even an express oral ruling by the arbitrator on the pretrial motion to limit damages. The most that any affidavits put forth to support RPS' position were the arbitrator's comments that Mr. Swann's testimony was "speculative" with "far too many variables" and that he did not want to "get into that." Mr. Swann contends that RPS drew the

erroneous conclusion from these statements that they were prevented from presenting evidence. Mr. Swann further contends that even accepting RPS' recollection of the proceedings as true, RPS has not described a fundamentally unfair hearing that would be grounds for vacating the award.

## ANALYSIS

Judicial review of arbitration awards under the Federal Arbitration Act (FAA) is "among the narrowest known to law." *Litvak Packing Co. v. UFCW, Local 7*, 886 F.2d 275, 276 (10th Cir. 1989). "[M]aximum deference is owed to the arbitrator's decision." *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995). The courts will not entertain a collateral attack on the arbitration award. Factual disputes or disputes about the weight of the evidence are not open to review in the federal courts. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36-38 (1987); *Foster v. Turley*, 808 F.2d 38, 40 (10th Cir. 1986).

The FAA provides that an arbitration award maybe vacated by the district court only in the following circumstances:

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. The party challenging the award bears the burden of proving one of the enumerated grounds for vacating the award by clear and convincing evidence. *See Foster*, 808 F.2d at 42; *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir. 1982).

Review of an arbitration award is not limited to the statutory grounds set forth in §10. Courts have recognized that an arbitrator must provide a fundamentally fair hearing. *See Bowles Fin. Group v. Stifel, Nicholaus & Co.*, 22 F.3d 1010, 1012-13 (10th Cir. 1994). The Tenth Circuit has interpreted a "fundamentally fair hearing" to require notice, an opportunity to be heard and to present relevant and material evidence and argument before the decision makers, and that the decisionmakers are not infected with bias. *See id.* RPS contends that award must be set aside because the arbitrator exceeded his power by so imperfectly executing his authority and role that a mutual, final and definite award upon the subject matter submitted was not made. RPS also contends that the arbitrator did not provide RPS with a fundamentally fair hearing. Alternatively, RPS argues that the award should be modified, disallowing the 20.8% increase calculated in the award.

**1.  Arbitrator Exceeded His Power**

RPS contends that the arbitrator exceeded his authority under the Arbitration Agreement. However, RPS does not state how the arbitrator acted outside his authority. The Arbitration Agreement between RPS and Mr. Swann provides that:

> The arbitrator shall have the authority only to conclude whether the termination of the Contractor was within the terms of this Agreement, to determine damages if required to do so under this subparagraph, and to provide for the division of AAA fees and AAA expenses of the arbitration between the parties; provided, however, each party shall bear the cost of attorneys, expert witnesses, or other expenses incurred by that party, and the arbitrator shall have no authority to allocate or apportion such costs.

Arbitration Agreement, Section 12.3(e).  Nowhere does RPS state why the arbitrator exceeded his authority under the agreement.  After two and a half pages of citations about the necessity of the arbitrator staying within the bounds of the agreement, RPS simply ends its discussion, without having made an argument, and moves on to argue that the arbitrator did not provide a fundamentally fair hearing.  It is clear that RPS' general complaint is that the arbitrator included the 20.8% increase in the damages award to Mr. Swann.  That award was within the arbitrator's authority.  In arriving at that award, the arbitrator determined whether the termination of the Contractor was within the terms of the Agreement, and damages.  The 20.8% increase was a calculation of damages; therefore, such a determination was within the arbitrator's authority.

### 2. Fundamentally Fair Hearing

The crux of RPS' argument is that the arbitrator did not provide it with a fundamentally fair hearing when the arbitrator ruled in favor of RPS and disallowed evidence related to Mr. Swann's request for a 20.8% annual increase in net earnings, but nonetheless awarded damages including the 20.8% increase.  Because of RPS' understanding of the arbitrator's response to its objection during the direct testimony of Mr. Swann, RPS claims that it did not cross examine Mr. Swann about the increase, nor did it put forth any evidence to rebut the 20.8% increase.

RPS argues that the arbitrator prevented it from presenting evidence about the 20.8% increase.  However, even assuming RPS' rendition of the facts as correct, the arbitrator merely sustained an objection.  The arbitrator did not preclude RPS from introducing evidence.  Fundamental fairness requires that the arbitrator give the parties an opportunity to present relevant and material evidence.  This Court can find nothing to indicate that the arbitrator

prevented RPS from introducing this evidence. Indeed, there was another discussion at the close of the case where the parties discussed and disputed the calculation of damages. RPS had yet another opportunity to present evidence to rebut Mr. Swann's calculation, but apparently chose not to do so. While it is unfortunate for RPS that it appears to have misunderstood the arbitrator, such a misunderstanding is not grounds for vacating the award.

The fact that the arbitrator sustained RPS' objection does not suggest that the arbitrator failed to give RPS an opportunity to present evidence. RPS contends that had the arbitrator not sustained its objection, it would have introduced evidence of a 1997 strike and an increase in Mr. Swann's costs of operation. However, the arbitrator has wide latitude in deciding whether to permit evidence. Had he outright prohibited the evidence, the award would not be overturned. An "arbitrator is not bound to hear all of the evidence tendered by the parties.... [H]e must give each of the parties to the dispute an adequate opportunity to present its evidence and arguments." *Generica Ltd. v. Pharmaceutical Basics, Inc.*, 125 F.3d 1123, 1130 (7th Cir.1997) (citing *Hoteles Condado Beach v. Union De Tronquistas*, 763 F.2d 34, 39 (1st Cir.1985)). A party does not have an absolute right to cross-examination. *See Sunshine Min. Co. v. United Steelworkers of America*, AFL-CIO, CLC, 823 F.2d 1289, 1295 (9th Cir. 1987) (citing *Hoteles Condado Beach, La Concha & Convention Center v. Union de Tronquistas Local 901*, 763 F.2d 34, 40 (1st Cir.1985)). The arbitrator must, however, give each of the parties to the dispute an adequate opportunity to present its evidence and arguments. *See id.* (citing *Hoteles Condado*, 763 F.2d at 39). As Mr. Swann points out, even "deliberate, egregious and repeated breaches of the judicial rules of evidence before an arbitration panel" will not warrant the vacation of an arbitration award. *Bowles*, 22 F.3d at 1011.

This Court finds that the arbitrator provided RPS with an opportunity to be heard and to

present evidence. Both sides presented witnesses, cross-examined their opponent's witnesses, and introduced evidence. The arbitrator was not biased, the decision was impartial, and there was adequate notice. Therefore, RPS was not deprived of a fundamentally fair hearing.

### 3. Modification of the Award

Section 11 of the FAA allows a district court to modify an arbitration award "where the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11(c). A district court may modify the award "so as to effect the intent thereof and promote justice between the parties." *Id.* The party challenging the award bears the burden of proving one of the enumerated grounds for modifying the award by clear and convincing evidence. *See Foster*, 808 F.2d at 42; *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir. 1982). Essentially RPS argues that the arbitrator made a calculation error in awarding Mr. Swann damages that included the 20.8% increase. While this Court will not relitigate the merits of the underlying arbitration, *see United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. at 36-38, it is important to note that there were sufficient factual and legal bases upon which the arbitrator could determine the award. A "calculation error" is not the only explanation for the arbitrator's award. As plaintiff points out, the arbitrator was justified in determining that Mr. Swann's calculation of his earning potential was more credible and appropriate than RPS'. This Court cannot say that the intent of the arbitrator or the parties was that the 20.8% increase would not be allowed. If the court can find any "argument that is legally persuasive and supports the award," then it must confirm the award. *Merrill Lynch, Pierce, Fenner & Smith v. Jaros*, 70 F.3d 418, 421 (6th Cir.1995). A mistake of fact or misinterpretation of law is not enough to warrant reversal. *See Bowles*, 22 F.3d at 1012. This Court may not substitute our judgment for that of the

arbitrators, *see Foster*, 808 F.2d at 42, nor may it "instruct the arbitrator as to the correct computation of damages." *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir.1995). Therefore, the Court will not modify the arbitration award.

RPS also argues that the award should be modified under New Mexico and Pennsylvania law. However, because the FAA is applicable to this case, federal law governs the enforcement of and challenges to an arbitration award, even in diversity cases such as this one. *See Foster*, 808 F.2d at 40. RPS does not provide any argument as to why this Court should apply New Mexico or Pennsylvania law to an arbitration dispute governed by the FAA. Nonetheless, both statutes require essentially the same inquiry and analysis as the FAA. Because this Court has determined that the award will not be vacated under the FAA, it will not be vacated under New Mexico or Pennsylvania law.

**4. Confirmation of the Award**

A federal district court having jurisdiction over the matter "must grant" a motion to confirm an arbitration award, "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Because this Court determines that the award shall not be vacated, modified or corrected, plaintiff's motion to confirm the award is granted.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's Amended Motion to Vacate or Modify Award, filed October 25, 2000 **[Doc. No. 11-1]** is hereby **denied**; Plaintiff's Motion for Order to Confirm Arbitration Award, filed October 30, 2000 **[Doc. No. 15-1]** is hereby **granted**; and Defendant's Motion to Amend Pleadings, filed October 4, 2000 **[Doc. No. 9-1]** is hereby

**denied as moot**.  Defendant is ordered to pay plaintiff the full amount of the arbitration award.

This case is dismissed with prejudice.

Dated this 12th day of June, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff
Claud Eugene Vance

Attorney for Defendant
Gail Gottlieb
Frank Botta